UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23440-BLOOM/Elfenbein

CHRISTOPHER SELF,

    Plaintiff,

v.

BOMNIN MOTORS, BOMNIN HOLDINGS LLC,
GM FINANCIAL, ARNALDO L. BOMNIN,
YANISELY BOMNIN
AND ALL UNKNOWN PARTIES,

    Defendants.
_____/

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Christopher Self's Complaint, ECF No. [1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("Motion"), ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *Id.* The Court has reviewed the Complaint, the Motion, the record, and is otherwise fully advised. For the reasons stated below, the Complaint is dismissed without prejudice, and the Motion is denied as moot.

Case No. 24-cv-23440-BLOOM/Elfenbein

I. **BACKGROUND**

Plaintiff Christopher Self filed a "Complaint for a Civil Case Alleging Breach of Contract" based on diversity of citizenship. ECF No. [1].[1] His claim stems from an auto loan contract for a new 2023 Chevrolet Blazer purportedly priced at $32,500.00. *Id.* at 4. According to Self, the Defendants Bomnin Motors, Bomnin Holdings LLC, Arnaldo Bomnin, and Yanisely Bomnin ("the Bomnin Defendants") allegedly "misrepresented material facts about the vehicle's sale and financing and made erroneous statements and omissions about finance charges to inflate dealership profits. GM Financing participated in false reporting of the disputed contract after being notified of discrepancies on January 4, 2024. This false reporting harmed the plaintiffs' credit and violated their civil rights." *Id.* Self contends that the Bomnin Defendants ultimately had him agree to a fraudulent contract that included various charges not displayed or communicated to Self before entering into the contract. After the Bomnin Defendants made those misrepresentations and Self entered into the fraudulent contract, the Bomnin Defendants proceeded to engage "in unfair and deceptive practices by fraudulently transmitting [the] auto loan contract to GM Financial for $57,782.82, including hidden charges without plaintiff['s] consent." *Id.* While not listed as a Defendant, Self appears to assert a claim against GM Financial by alleging that "GM Financial participated in false reporting of t[he] disputed contract after being notified of discrepancies." *Id.*

---

[1] Although Self elected to use the Diversity of Citizenship form to file his Complaint, the Court may not exercise diversity jurisdiction in this case. In order for diversity jurisdiction to exist pursuant to 28 U.S.C. § 1332, there must be complete diversity and all plaintiffs must be diverse from each defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Here, Self asserts that he is a citizen of Florida and asserts that several Defendants, including Arnaldo L. Bomnin and Yanisley Bomnin, are citizens of Florida as well. Because Self and at least one of the Defendants are citizens of the same state, the Court may not exercise diversity jurisdiction over this case.

## II.     LEGAL STANDARD

### A.  Subject Matter Jurisdiction

In every case, "[f]ederal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA*, Inc. 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). With regard to federal question jurisdiction, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331 (2012). To determine whether a cause of action "arises under" federal law for purposes of § 1331, the district court applies the "well-pleaded complaint rule," which requires that the Court examine "what necessarily appears in the plaintiff's statement of his own claim[.]" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted).  As such, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint.'" *Id*. at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

### B. Stating a Claim for Relief

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (citation and quotation marks omitted). Courts must "construe pro se pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

### A. Federal Question Jurisdiction Exists

While Self filed the diversity jurisdiction form as his Complaint, it appears Self seeks to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331—which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." § 1331; *see also* ECF No. [1-1].[2] As such, federal courts maintain jurisdiction over all civil cases "arising" from federal law. "A case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.")).

At least one of Self's claims appears to arise under federal law. Self alleges "GM Financial participated in false reporting" of his auto loan contract to a credit reporting agency, notwithstanding Self notifying GM Financial in advance of alleged discrepancies and that the auto loan contract between Self and the Bomnin Defendants was in dispute. ECF No. [1] at 4. Self does not refer to a specific federal statute, treaty, or constitutional provision under which his claim arises. However, given the liberal pleading standard for *pro se* parties,[3] the Court finds Self's claim against GM Financial satisfies the federal question jurisdiction requirements as Self essentially asserts a violation of the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681s-2.[4] Under § 1681s-2(a)(1)(B), "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate[,] and the information is, in fact, inaccurate." By alleging that GM Financial caused his credit to suffer because GM Financial furnished his loan agreement to a credit reporting agency despite being notified of the alleged

---

[2] On the Civil Cover Sheet, Self marks that the basis for jurisdiction is Federal Question. ECF No. [1-1].

[3] Courts must "construe pro se pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

[4] The Court also notes that Self specifically alleged a violation of the FCRA in a clearly-related state case, which was attached as an exhibit to his Complaint. ECF No. [1-2].

deficiency and dispute, Self has set forth a violation under the FCRA sufficient to establish federal question jurisdiction.

### B. Failure to State a Claim

Because the Court is satisfied that it may exercise jurisdiction over this case, the Court analyzes the sufficiency of Self's claims pursuant to 28 U.S.C § 1915(e)(2).

To survive a § 1915(e)(2) dismissal screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007). After reviewing the Complaint, the Court finds that Self's FCRA claim fails to state a claim on which relief may be granted.

As the Eleventh Circuit explained in *Green v. RBS Nat'l Bank*, "[t]he FCRA imposes two separate duties on furnishers.[5] First § 1681s-2(a) requires furnishers to submit accurate information to [credit reporting agencies]. Second, § 1681s-2(b) requires furnishers to investigate and respond promptly to notices of customer disputes." 288 F. App'x 641, 643 (11th Cir. 2008); *see Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016). However, the FCRA does not provide a private right of action for the first duty—a furnisher's duty to submit accurate information to credit reporting agencies. *See Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) ("Consumers have no private right of action against furnishers for reporting inaccurate information to CRAs regarding consumer accounts."); *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (noting that the FCRA "explicitly bars private suits for violations of [15

---

[5] A furnisher is simply any person, institution, or entity that "furnishes" information to credit reporting agencies. *See Hinkle v. Midland Credit Management, Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016).

U.S.C. § 1681s-2(a)]"). Accordingly, "the only private right of action consumers have against furnishers is for a violation of § 1681s–2(b), which requires furnishers to [1] conduct an investigation following notice of a dispute[;]" "(2) review all of the relevant information provided in the notice from the consumer reporting agency; (3) report the results of its investigation to the consumer reporting agency; (4) if the investigation reveals incomplete or inaccurate information, report those findings to the other major consumer reporting agencies to which it provided the incomplete or inaccurate information; and (5) modify, delete, or permanently block the reporting of any information disputed by a consumer that it finds to be inaccurate or incomplete or that cannot be verified after reinvestigation." *Felts*, 893 F.3d at 1312; *Horton v. HSBC Bank*, Civil Action File No. 1:11–CV–3210–TWT, 2013 WL 2452273 at *7 (N.D. Ga. June 5, 2013) (citing 15 U.S.C. § 1681s–2(b)(1)).[6]

---

[6] 15 U.S.C. 1681s-2(b) states that "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information."

Self alleges "GM Financial participated in false reporting of this disputed contract after being notified of discrepancies on January 4, 2024." ECF No. [1] at 4. Self fails to allege that GM Financial failed to conduct any investigation into Self's dispute with the Bomnin Defendants or otherwise failed to promptly respond or report the results of the investigation following Self's notice of the alleged discrepancy. Self only alleges that GM Financial reported inaccurate information to the credit reporting agencies. However, inaccurate reporting alone is not a basis for a private claim against furnishers under the FCRA. *See Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1260 (M.D. Ala. 2007) ("Although the [defendant] has alleged a violation of § 1681s–2(b) in his Complaint, his factual allegations are actually of a failure to report accurate information and to correct reported information, which are duties regulated by § 1681s–2(a). There is no private right of action for violations of § 1681 s–2(a)."). Therefore, because Self does not allege that GM Financial failed to fulfill its duty to investigate, review, or report the results of any investigation involving Self's disputed claim, Self fails to state a claim upon which relief may be granted regarding his claim of false reporting.

### C. Supplemental Jurisdiction

In dismissing the FCRA claim, the Court analyzes Self's remaining claims to determine whether the exercise of jurisdiction over this case is still appropriate. In addition to Self's FCRA claim, he alleges the Bomnin Defendants "engaged in unfair and deceptive practices by fraudulently transmitting an auto loan contract to GM Financial for $57,782.82, including hidden charges without plaintiff's consent." ECF No. [1] at 4. Additionally, the Bomnin Defendants purportedly "misrepresented material facts about the vehicle's sale and financing and made erroneous statements and omissions about finance charges to inflate dealership profits." *Id.* As to the unfair and deceptive practices allegation, Self appears to be asserting a claim under the Florida

8

Deceptive and Unfair Trade Practices Act ("FDUTPA"), which is a state law claim.[7] Similarly, Self's remaining allegations of misrepresentations of material facts and fraud are state law claims as well.

Because the Court had original subject matter jurisdiction over Self's FCRA claim, the Court is permitted, pursuant to 28 U.S.C. § 1367, to exercise jurisdiction over Self's remaining state law claims if they are "so related to the claims within the Court's original jurisdiction as to form part of the same case or controversy."[8] However, in circumstances where the district court has dismissed all claims over which it has original jurisdiction, the Court, in its discretion, may decline to exercise jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."). The Eleventh Circuit has repeatedly "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (*citing L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). The Court finds that the interest of judicial economy, convenience, fairness, and comity warrant dismissal of the remaining state law claims. This is particularly appropriate, as Self previously filed, on May 8, 2024, the *identical* claims in the Eleventh Judicial Circuit in and for Miami-Dade County, Case Number 24-92073CC24. *See* ECF No. [1-3].

---

[7] "To state a legally sufficient claim under FDUTPA, a plaintiff must allege: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Baptist Hosp., Inc. v. Baker*, 84 So.3d 1200, 1204 (Fla. 1st DCA 2012) (quoting *Kia Motors Am. Corp. v. Butler*, 985 So.2d 1133, 1140 (Fla. 3d DCA 2008)).

[8] Given that the federal claim involves the reporting of the same auto loan contract that is in dispute in the state law claims, the Court is satisfied that the state claims are part of the same case and controversy as the federal claim.

Case No. 24-cv-23440-BLOOM/Elfenbein

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED as follows:**

1. The Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**.

2. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ECF No. [3] is **DENIED as MOOT**.

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED as MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 17, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

Christopher Beau Self
212 E. Hillsboro Blvd. 8652
Deerfield Beach, FL 33441

10